Slip Op. No. 24-132

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SKYVIEW CABINET USA, INC., | |
| *Plaintiff*, | |
| v. | Before: Stephen Alexander Vaden, Judge |
| UNITED STATES, | |
| *Defendant*, | Court No. 1:22-cv-00080 (SAV) |
| *and* | |
| MASTERBRAND CABINETS, INC., | |
| *Defendant-Intervenor*. | |

## OPINION

[Sustaining Customs' Remand Determination.]

Dated:  November 27, 2024

*Kyl J. Kirby*, Kyl J. Kirby, Attorney and Counselor at Law, P.C., of Fort Worth, TX, for Plaintiff Skyview Cabinet USA, Inc.

*Ioana C. Meyer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; and *Tara K. Hogan*, Assistant Director, Commercial Litigation Branch; *Chelsea A. Reyes* and *John M. Flanagan*, Attorneys, Enforcement and Operations Office of the Chief Counsel, U.S. Customs and Border Protection.

*Timothy C. Brightbill*, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor MasterBrand Cabinets, Inc.  With him on the brief were *Elizabeth S. Lee* and *Laura El-Sabaawi*.

**Vaden, Judge**:  Plaintiff Skyview Cabinet USA, Inc. (Skyview) comes before the Court once again to challenge U.S. Customs and Border Protection's (Customs) Remand Determination that Skyview evaded tariffs on its wooden cabinets.  Like its prior case before this Court, Skyview argues that Customs did not support its findings with substantial evidence.  For the reasons set forth below, Customs' Remand Determination is **SUSTAINED**.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set out in its previous opinion and now recounts those facts relevant to the review of the Remand Determination.  *See Skyview Cabinet USA, Inc. v. United States*, No. 1:22-cv-00080, 47 CIT __, 2023 Ct. Intl. Trade LEXIS 95 (June 20, 2023) (*Skyview I*).

### I.     Procedural Background Prior to Remand

This case arises from the Department of Commerce's (Commerce) antidumping and countervailing duty orders on wooden cabinets and vanities from China.  *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Antidumping Duty Order*, 85 Fed. Reg. 22,126 (Dep't of Com. Apr. 21, 2020); *Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22,134 (Dep't of Com. Apr. 21, 2020) (collectively, the Orders).  MasterBrand alleged that Skyview attempted to evade the Orders by transshipping Chinese cabinets through Malaysia via Rowenda Kitchen Sdn Bhd (Rowenda), a Malaysian company.  MasterBrand Allegation at 9, J.A. at 80,166, ECF No. 33.  In its allegation, MasterBrand presented photographs taken by

a third-party market researcher who visited Rowenda's facility in Malaysia. *Id.* at 80,239–243. Customs redacted these photographs as business confidential information and provided a narrative description of what those photographs depicted. Oral Arg. Tr. at 37:7–14, ECF No. 40; Resp. to Mot. for J. on the Agency R. at 10, ECF No. 25. Although Customs used these photographs in its determination, Customs only gave Skyview access to the public version of the record with the narrative description. Pl.'s Reply at 10, ECF No. 31; Oral Arg. Tr. at 37:8–14, ECF No. 40; Remand Determination at 2, ECF No. 53.

Skyview also presented its own photographs and videos to Customs depicting Rowenda's Malaysian facility. Skyview Req. for Information Resp., J.A. at 80,551–554, 80,694–768, ECF No. 33. Skyview represented that Rowenda manufactured the products at issue. *See* Compl. ¶ 11, ECF No. 2; Pl.'s Mot. for J. on Agency R. at 7–10, ECF No. 30 (Pl.'s Br.). To prove Rowenda manufactured its cabinets, Skyview claimed it sent a "local contact" to verify Rowenda's production facility. Skyview Req. for Information Resp., J.A. at 80,996–997, ECF No. 33. The only evidence Skyview presented regarding the local contact's efforts, however, was an airline ticket and accompanying itinerary. Skyview Suppl. Req. for Information Resp., J.A. at 81,409–413, ECF No. 33. No new photographs, videos, or affidavits emerged from the contact's visit.

After submitting its evidence allegedly depicting Rowenda's manufacturing process, Skyview changed its story. It now claimed that Rowenda did not manufacture the cabinets alone; instead, Roxy Heritage Furniture Manufacturer Sdn

Bhd (Roxy Heritage) either manufactured or helped manufacture the wooden cabinets at issue. Skyview Voluntary Submission, J.A. at 2,515–516, ECF No. 32. According to Skyview, this switch was because Skyview only recently learned about Roxy Heritage's involvement. *Id.* at 2,507.

Customs finished its investigation and determined there was "substantial evidence that … [Skyview] … evaded [the Orders]." Final Determination, J.A. at 81,613, ECF No. 33. Relevant to the Remand Determination, Customs found that Skyview's photographs and videos allegedly depicting Rowenda's Malaysian manufacturing facility were not credible. *Id.* at 81,618. Conversely, it found MasterBrand's photographs and videos to be reliable evidence showing a lack of manufacturing capability at Rowenda's factory. *Id.* at 81,620. Skyview never saw MasterBrand's photographs during the entire pendency of the original proceedings before Customs. Oral Arg. Tr. at 64:20–65:6, ECF No. 40.

Skyview timely filed an action in this Court on March 10, 2022, challenging Customs' affirmative Final Determination of Evasion and the administrative review affirming that determination. *See* Compl. ¶ 1, ECF No. 2. It alleged multiple claims, including that Customs failed to support its Final Determination with substantial evidence and that Customs violated Skyview's due process rights by withholding the business confidential information. Pl.'s Br. at 12–20, 30–34, ECF No. 30.

The Court held oral argument on March 30, 2023. ECF No. 39. The resulting opinion sustained Customs' Final Determination of Evasion. *Skyview I*, 47 CIT__, 2023 Ct. Intl. Trade LEXIS 95, at *46. Based on an assessment of both Customs'

Final Determination of Evasion and its administrative review, this Court determined that Skyview's complaints were without merit. *Id.* at \*17. The Court found, "Although Customs redacted the adverse photos and videos of [Rowenda's] Malaysia facility as business confidential information, Skyview was on notice that it needed to provide evidence that actual manufacturing occurred in Malaysia; and Skyview had numerous opportunities to present contrary evidence refuting the allegation." *Id.* at \*17–18. Skyview appealed to the United States Court of Appeals for the Federal Circuit. Notice of Appeal, ECF No. 44.

## II. *Royal Brush* Opinion from the Federal Circuit

Soon after Skyview appealed this Court's decision, the Federal Circuit decided *Royal Brush Manufacturing v. United States*. 75 F.4th 1250 (Fed. Cir. 2023). *Royal Brush* concerned a pencil importer accused of violating the Enforce and Protect Act by transshipping pencils from China through the Philippines to avoid antidumping duties on pencils of Chinese origin. *Id.* at 1253. The pencil company argued that Customs based its determination on confidential information that was improperly withheld, denying the pencil company an opportunity to rebut this evidence. *Id.* at 1254–55.

The Federal Circuit agreed and held that Customs' refusal to disclose the confidential information was a "clear violation of due process" because it deprived the parties of notice and an opportunity to respond. *Id.* at 1259. Moreover, the Federal Circuit observed that no "legitimate government interest" protected Customs' practice of not disclosing evidence used against parties during an administrative

investigation. *Id.* Although the Federal Circuit highlighted Customs' constitutional violation, the court also held that Customs' failure to follow its own regulations was sufficient for a remand. *Id.* at 1262–63. Those regulations allowed for rebuttal when Customs "relied on new factual information" in its verification report. *Id.* at 1262; *see also* 19 C.F.R. § 165.23(c)(1). Customs had therefore violated its own regulations by denying Royal Brush an opportunity to rebut the withheld information. *Royal Brush*, 75 F.4th at 1262.

### III.    Remand and the Present Dispute

On January 25, 2024, Customs sought a voluntary remand of this case from the Federal Circuit to address the *Royal Brush* decision. Order, ECF No. 46. The Federal Circuit remanded the case to the Court of International Trade with instructions to remand to Customs for further proceedings consistent with *Royal Brush*. *Id.* This Court complied with the Federal Circuit's order and remanded to Customs that same day. Remand Order, ECF No. 48.

On May 20, 2024, Customs issued its Remand Determination. Remand Determination, ECF No. 53. Customs granted Skyview access to the business confidential information contained in the administrative record that it had not made available during the initial investigation. *Id.* at 2. Customs also allowed Skyview to submit rebuttal factual information and written arguments. *Id.* Although Skyview now had access to the previously confidential information, Skyview only relied for its defense on the same information it previously had used. *Id.* at 13; Pl.'s Letter Re: Ct. Ordered Remand Proceedings at 1–12, ECF No. 59 (Pl.'s Letter). Because Skyview

did not present any new information, Customs continued to find that Skyview evaded the Orders.  Remand Determination at 2, ECF No. 53.

Skyview now argues the Remand Determination was incorrect for the same reasons it raised previously in this Court.  Namely, Skyview continues to argue that Customs' determination was not based on substantial evidence because "[Customs] clearly did not take into account metadata available to it during the administrative proceedings but made conclusory statements that the photographs and videos were irrelevant and unreliable."  Pl.'s Remand Comments at 3, ECF No. 61.

The Government argues that, even though Skyview was able to view the previously withheld business confidential information, it "chose to submit written arguments that were almost the same as its written submissions during Customs' investigation."  Def.'s Resp. to Comments on Final Results of Remand Determination at 8, ECF No. 62.  Additionally, the Government asserts that the metadata taken together with the "submitted exhibits 'do not demonstrate actual production' and fail to confirm the country of origin of the merchandise as Malaysia."  *Id.* at 9.

Defendant-Intervenor MasterBrand likewise argues that Skyview "seeks to relitigate arguments that [Skyview] previously raised before this Court."  MasterBrand's Comments in Supp. of Remand Determination at 2, ECF No. 63.  It retorts that the photographs' and videos' metadata cannot be substantiated, and the metadata are based on business confidential information that Skyview already had access to during Customs' initial investigation.  *Id.* at 3.  MasterBrand notes that Skyview's photographs and videos of Rowenda's Malaysian facility "were not the sole,

or even principal, basis for [Customs'] determination." *Id.* at 4. Customs instead found that Skyview's "submissions were replete with discrepancies and unreliable." *Id.* One of those discrepancies is that, during the original agency proceedings, Skyview changed its story and asserted that it was *not* Rowenda that manufactured the cabinets but rather Roxy Heritage. *Id.* Thus, MasterBrand observes that Skyview is once again modifying its claim — back to Rowenda — as to which company is the true manufacturer of the cabinets. *Id.* at 4–5.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c). Under the Enforce and Protect Act, the reviewing court must examine Customs' final determination, *see* 19 U.S.C. § 1517(c), and administrative review, *see id.* § 1517(f). *Id.* § 1517(g) (providing for court review of both determinations). In its review of Customs' determinations, the Court examines "whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 1517(g)(2)(B). Agency action constitutes an abuse of discretion "where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005). Where the agency "offers insufficient reasons for treating similar situations differently," such actions are arbitrary. *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (quoting *Transactive Corp. v. United States*, 91 F.3d 232, 237 (D.C. Cir. 1996)).

In reviewing agency action, it is "the duty of the courts to determine in the final analysis and in the exercise of their independent judgment, whether on the whole record the evidence in a given instance is sufficiently substantial to support a finding, conclusion, or other agency action as a matter of law." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351–52 (Fed. Cir. 2006) (citations omitted). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citations omitted). Additionally, "The court reviews remand determinations for compliance with the court's [remand] order." *Bonney Forge Corp. v. United States*, No. 1:20-cv-03837, 47 CIT __, 2023 Ct. Intl. Trade LEXIS 125 at *7 (Aug. 21, 2023) (quoting *Nakornthai Strip Mill Pub. Co. Ltd. v. United States*, 32 CIT 1272, 1274 (2008)).

## DISCUSSION

After *Royal Brush*, this Court remanded to Customs for it to cure the procedural error. Customs did so. All that remains for this Court to consider is whether the parties submitted any additional arguments in response to the newly disclosed information. Skyview reiterates its claim that Customs failed to support its determination with substantial evidence; and it makes the general assertion that Customs ignored relevant evidence, like photographs and videos with metadata, that disproves evasion. The Government and MasterBrand respond that Skyview is attempting to relitigate the same issues it raised previously without providing any new information. This Court agrees with the Government and MasterBrand.

Skyview did not make any new arguments on remand, and the merits of Skyview's metadata argument reinforces Customs' evasion determination.

A procedural error is not a substantive error. A substantive error is an error that "affects a party's substantive rights or the outcome of the case." *Substantive Error, Black's Law Dictionary* (10th ed. 2014); *see NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1207 (Fed. Cir. 1995) (defining substantive errors as "errors that result from errors of judgment"). In contrast, a procedural error is a "mistake in complying with the rules or steps in the legal process." *Procedural Error, Black's Law Dictionary* (10th ed. 2014); *see Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1383 (Fed. Cir. 2017) (defining procedural error as either a "technical failure … with the APA's procedural requirements[,]" or a "complete failure to [comply with the APA's procedural requirements.]") (internal quotation marks omitted).

The Federal Circuit's *Royal Brush* opinion identified a procedural error of constitutional magnitude regarding Customs' prior practice. In *Royal Brush*, the Federal Circuit explained that, when an agency makes certain information confidential, bases its determination on that information, and refuses to allow the accused to view it, a procedural due process violation occurs. *See Royal Brush*, 75 F.4th at 1262; *see also Stone v. FDIC*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) ("Procedural due process guarantees are not met if [the party adverse to the agency action] has notice only of … portions of the evidence and the deciding official considers new and material information."). As the United States Supreme Court has repeatedly held, "The essential requirements of due process … are notice and an opportunity to

respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  When an agency cures the procedural due process error by providing the affected party with notice and an opportunity to respond, the court is then left to consider the underlying substantive validity of the agency's action.  *Cf. Ward v. United States Postal Serv.*, 634 F.3d 1274, 1282 (Fed. Cir. 2011).

Here, Customs did not initially allow Skyview to view the business confidential information used to make Customs' evasion determination.  Pl.'s Br. at 33–34, ECF No. 30.  This was a procedural due process error.  On remand, Customs corrected the error and allowed Skyview to view the previously confidential information.  Remand Determination at 5–6, ECF No. 53.  With the procedural error corrected, Skyview must submit new evidence or new arguments into the record to succeed.  Otherwise, the record evidence remains the same; and the substantive result will not change.  This is so because of an interesting wrinkle in pre-*Royal Brush* procedure in Enforce and Protect Act cases.

Although Skyview did not have access to all the evidence before Customs, once its case reached this Court, it *did* receive access to *all* the evidence — including the confidential business information.  USCIT R. 73.3(a)(3); Oral Arg. Tr. at 37:23–38:10, ECF No. 40.  Skyview then had the ability to make any argument it wished regarding the insufficiency of that evidence before this Court.  For a *Royal Brush* procedural error to cause a change of substantive result, Skyview's lack of access to the confidential information at the agency level must have prevented it from either (1) introducing evidence into the record that would have proven exculpatory or (2)

making an argument in its own defense before the agency. *Cf. Fine Furniture (Shanghai) Ltd. v. United States*, 36 CIT 1206, 1215 (2012) (noting that, without a substantive error, the procedural error can be harmless). Absent the introduction of new evidence or a new substantive argument, correction of the *Royal Brush* procedural error will not result in ultimate victory for the accused evader. The evidentiary balance will remain unchanged.

The Court previously determined that the record evidence was sufficient to find Skyview had evaded Customs duties. *Skyview I*, 47 CIT__, 2023 Ct. Intl. Trade LEXIS 95, at *46. Skyview has not introduced new evidence on remand, and its legal arguments remain nearly unchanged from *Skyview I*. *Compare* Pl.'s Br. at 3–5, 12–20, ECF No. 30 (describing Plaintiff's substantial evidence argument for *Skyview I*), *with* Pl.'s Remand Comments at 5–10, ECF No. 61 (describing Plaintiff's substantial evidence argument post remand in virtually identical language). Customs provided Skyview with ample opportunity to rebut MasterBrand's allegations. Remand Determination at 6–7, ECF No. 53 ("It was on this day that the remand parties were officially permitted to receive the business confidential information for purposes of the remand proceeding …. [Customs] advised the parties that they could submit written arguments pertinent to the business confidential information on the administrative record ….."). Despite Customs' providing Skyview with the unredacted business confidential information and an opportunity to respond, *id.*, Skyview did not provide any new evidence and merely restated its previous, unsuccessful arguments. Pl.'s Letter at 3–12, ECF No. 59; Pl.'s Remand Comments

at 5–10, ECF No. 61. Because Skyview has not produced any new record evidence, the Court's previous holding regarding Skyview's substantial evidence argument stands. *Skyview I*, 47 CIT__, 2023 Ct. Intl. Trade LEXIS 95, at \*20–27.

Skyview's claims about the photographs' and videos' metadata likewise fails. First, the photographs do not depict anything that discredits Customs' determination. Second, Skyview's flip-flopping on the question of who manufactured the cabinets discredits Skyview's arguments and reinforces Customs' determination.

Skyview points to the photographs' and videos' metadata as proving that they were taken outside Rowenda's Malaysian facility before the export date of the goods in question. Pl.'s Remand Comments at 4–5, ECF No. 61. Accepting that as true, the photographs and videos still do not undermine Customs' determination. Customs asked Skyview for proof of actual manufacturing in Malaysia. CF-28 Req., J.A. at 80,451–454, ECF No. 33. Skyview presented photographs depicting Rowenda's company sign and office building; wooden pallets in a warehouse; various machines, including a grooving machine, banding machine, and a panel saw machine; an office waiting room; and a conference table. *See* Skyview Req. for Information Resp., J.A. at 80,475–476, 80,694–715, 80,744–745, ECF No. 33; *Skyview I*, 47 CIT__, 2023 Ct. Intl. Trade LEXIS 95, at \*5–6. Skyview also presented short, four- to fifteen-second video clips depicting a handful of workers using the various machines. Skyview Email Resp. to Customs., J.A. at 80,562, ECF No. 33. On remand, Skyview presents these same piecemeal photographs and videos. Pl.'s Remand Comments at 4, ECF No. 61.

The evidence still does not depict actual manufacturing of cabinetry. *Skyview I*, 47 CIT__, 2023 Ct. Intl. Trade LEXIS 95, at *17–18. As this Court previously stated, "Skyview was free to begin outside the alleged manufacturing facility and create a video walkthrough demonstrating actual manufacturing," but Skyview did not. *Id.* at *43. Because the photographs and videos do not depict anything different from *Skyview I* — even when considering the metadata — this Court's prior holding stands. *Id.* at *40–44.

Skyview has further discredited itself by changing its story once again and alleging that Rowenda — not Roxy Heritage — manufactured the cabinets. Pl.'s Remand Comments at 4–5, ECF No. 61. Skyview has been anything but consistent on what entity it claims manufactured the cabinets at issue. At first, Skyview claimed Rowenda manufactured its cabinets. Skyview CF-28 Resp., J.A. at 80,514–529, ECF No. 33. Rowenda submitted the "piecemeal" photos and videos that Skyview then turned over to Customs. Skyview Suppl. CF-28 Response, J.A. at 80,694–762, ECF No. 33 (photographs of Rowenda's facility submitted to Customs); *Skyview I*, 47 CIT ___, 2023 Ct. Intl. Trade LEXIS 95, at *43. Skyview also sent a "local contact" to "verify [Rowenda's] capacity, review[] manpower, machines, and raw material." Skyview Req. for Information Resp., at 3–4, J.A. at 80,996–997, ECF No. 33. Although Skyview claimed this contact verified Rowenda's manufacturing capabilities, Skyview did not provide any evidence collected by the local contact other than an airline ticket and itinerary as proof he made the trip. Skyview Suppl. Req. for Information Resp., J.A. at 81,409–413, ECF No. 33; Final Determination, J.A. at

81,617 n.36, ECF No. 33. Skyview then changed its story and claimed Roxy Heritage manufactured its cabinets. Skyview Voluntary Submission, J.A. at 2,516, ECF No. 32. It explained the change by claiming it only recently learned of Roxy Heritage's involvement in the manufacturing process. *Id.* at 2,507. On remand, Skyview is returning to its original theory of the case: Rowenda, not Roxy Heritage, manufactured Skyview's cabinets. Pl.'s Remand Comments at 4–5, ECF No. 61.

At this point, there should be no question as to the basic facts of the case. Yet, based on Skyview's representations, the record is torn between two possible manufacturers. This ambiguity suggests that, instead of basing its claims on a clear understanding of the facts, Skyview shifts its story depending on what facts may give it the better result at any given stage of the litigation. It was exactly this type of story-shifting that led Customs to find MasterBrand's evidence more reliable than Skyview's. *See* Remand Determination at 18, ECF No. 53 (finding that Skyview's shifting story for which company manufactured the cabinets "led [Customs] to the conclusion that the information submitted by Skyview was unreliable."). By shifting its story yet again about who manufactured its cabinets, Skyview further discredits itself and reinforces Customs' determination that MasterBrand had more reputable photographs, videos, and descriptions of Rowenda's Malaysian facility. *Id.* at 24.

Customs carried out its statutory duty to investigate the allegation of evasion by soliciting information from the parties, issuing supplemental questionnaires to clarify apparent errors and omissions in the evidence, and assessing the record as a whole to make a determination as to the credibility of the parties' claims. *See* Remand

Determination at 37–38, ECF No. 53. It identified the discrepancies and omissions that it deemed fatal to the Plaintiff's case and explained why Skyview's evidence did not fill the gaps it identified. *See id.* at 5–8. As this Court previously wrote, "Skyview was on notice that it needed to provide evidence that actual manufacturing occurred in Malaysia; and Skyview had numerous opportunities to present contrary evidence refuting the allegation." *Skyview I*, 47 CIT __, 2023 Ct. Intl. Trade LEXIS 95, at *17–18. The remand provided Skyview with yet another opportunity to supplement the evidentiary record. It failed to do so. The evidentiary balance therefore remains the same.

## CONCLUSION

Although Customs provided Skyview with an opportunity to submit new evidence bolstering its claims on remand, Skyview did not submit any new factual information. Because of that failure, Skyview has failed to shift the evidentiary balance in its favor. For the same reasons stated in *Skyview I*, Customs' Remand Determination is **SUSTAINED**. 47 CIT __, 2023 Ct. Intl. Trade LEXIS 95, at *20–40, *44–46.

   /s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: November 27, 2024
     New York, New York